IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CLARENCE KELLEY**                                                                  **PLAINTIFF**

vs.                                                     No. 5:20-cv-99

**TWO-STEP ENTERTAINMENT, LLC,**                                         **DEFENDANTS**
**BRIAN TULLETT and SALVATORE GIANNINO**

ORIGINAL COMPLAINT

COMES NOW Plaintiff Clarence Kelley ("Plaintiff") by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Two-Step Entertainment, LLC, Brian Tullett and Salvatore Giannino (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

5. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

6. Plaintiff is an individual and resident of Bexar County.

7. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

8. Separate Defendant Two-Step Entertainment, LLC ("Two-Step Entertainment"), is a domestic limited liability company.

9. Two Step Entertainment does business as Thirsty Horse Saloon.

10. Two-Step Entertainment's registered agent is Brian Tullett, 2335 NW Military Highway, San Antonio, Texas 78231.

11. Separate Defendant Brian Tullett ("Tullett") is an individual and resident of Texas.

12. Tullett is an owner, principal, officer and/or director of Two-Step Entertainment.

13. Tullett manages and controls the day-to-day operations of Two-Step Entertainment, including but not limited to the decision to not pay Plaintiff a minimum wage or sufficient premium for hours worked in excess of forty (40) per week.

14. Separate Defendant Salvatore Giannino ("Giannino") is an individual and resident of Texas.

15. Giannino manages and controls the day-to-day operations of Two-Step Entertainment, including but not limited to the decision to not pay Plaintiff a minimum wage or sufficient premium for hours worked in excess of forty (40) per week.

16. Defendants own and operate the Thirsty Horse Saloon restaurant and bar in San Antonio, Texas.

17. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

18. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.   FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. Plaintiff worked for Defendant as a "manager" from approximately May of 2017 until June of 2019.

21. Plaintiff worked at Defendant's dance club, Thirsty Horse Saloon, in San Antonio.

22. As a manager, Plaintiff performed duties on Defendant's behalf such as bartending, taking customer orders, performing maintenance and repairs, and running security.

23. Plaintiff occasionally hired security guards for the restaurant, but he did not have the authority to fire or discipline employees, nor were his recommendations as to hiring (other than security) and firing given any particular weight.

24. Plaintiff's pay rate was $14.00 per hour for hours worked between 6PM and 2AM.

25. Defendant paid Plaintiff a flat rate of $300.00 per week for all other hours worked.

26. Plaintiff's regularly scheduled hours were 11AM to 4PM or 5 PM, and 9PM to 4AM or 5AM, six to seven days per week.

27. Plaintiff's $300.00 weekly salary was intended to compensate him for all hours worked from 11AM to 4PM or 5PM and 2AM to 4AM or 5AM.

28. This amounts to approximately seven (7) to nine (9) hours per day and an average of approximately fifty-two (52) hours per week, given that Plaintiff regularly worked six days per week and sometimes seven.

29. Therefore, for all hours worked outside of the time range 6PM to 2AM, Plaintiff's average hourly rate was $5.77 per hour ($300.00/52 hours).

30. Plaintiff's pay fell below the minimum wages required by the FLSA.

31. Plaintiff was not paid a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

32. Defendant had a timekeeping system by which employees clocked in and out, but Defendant altered Plaintiff's time records in the system to show fewer hours than he actually worked; therefore, some of Plaintiff's hours went unrecorded and uncompensated.

33. These off-the-clock hours amounted to at least thirty-five (35) hours per week for which Plaintiff was not compensated.

34. Defendant knew or should have known that Plaintiff was working additional hours off-the-clock for which he was not compensated.

## V. CLAIM FOR RELIEF—FLSA VIOLATIONS

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

36. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

37. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

38. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

39. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

40. Defendant failed to pay Plaintiff a minimum wage for all hours worked.

41. Defendant failed to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours per week.

42. Defendant knew or should have known that its actions violated the FLSA.

43. Defendant's conduct and practices, as described above, were willful.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

45. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Clarence Kelley respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid minimum wage and overtime compensation under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CLARENCE KELLEY**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com